IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM CORNELIO III, #A0192661, | ) ) ) | CIV. NO. 12-00072 LEK/RLP |
| Plaintiff, | ) ) ) | ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| JAMES HIRANO, DEBORAH TAYLOR, JOHN DOE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**

Before the court is *pro se* Plaintiff William A. Cornelio, III's, third amended prisoner civil rights complaint ("TAC"). Plaintiff is incarcerated at the Red Rock Correctional Center ("RRCC"), and complains of actions that allegedly occurred at the Maui Community Correctional Center ("MCCC"). The TAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), for failure to state a claim. Because it remains possible that Plaintiff can amend his pleadings, he is once more given leave to amend.

**I. STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint in full or in part if its claims are legally frivolous or malicious, fail to state a claim on which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Id.* Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Leave to amend should be granted if it appears possible that the plaintiff can

correct the complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. **PLAINTIFF'S CLAIMS**

Plaintiff claims that Defendants MCCC Warden James Hirano, MCCC Chief of Security Deborah Taylor, and Adult Correctional Officer ("ACO") John Doe,[1] violated the Eighth Amendment by failing to protect him from assault while he was incarcerated at MCCC.

Plaintiff says that "[d]uring all times relevant to this complaint [he] was a protective custody inmate and in need of special housing." TAC, ECF #27 PageID #251. Plaintiff says he was transferred to MCCC on August 4, 2011, and that four months later, on December 5, 2011, he was "deliberately and intentionally rehoused with general population inmates despite him being a protective custody inmate." *Id.* On December 31, 2011, Plaintiff says that he was assaulted by a general population inmate.

Plaintiff states that Hirano and Taylor "had intimate and personal knowledge of Plaintiff[']s status as a protective custody inmate yet [they] chose to ignore following the policies and procedures of the department of public safety and therefore acted with Deliberate Indifference to Plaintiff['] personal

---

[1] Plaintiff inexplicably names "John Doe" in the Complaint's caption, yet identifies John Doe within the Complaint as MCCC ACO Pinto.

4

needs." *Id.* PageId #250. Plaintiff claims that Defendant ACO Pinto "abandoned his post on 12/31/11, and left the inmates of Module-A to fend for themselves." *Id.* Plaintiff provides no further details regarding Defendants' involvement in his claims.

Plaintiff provided more information in his original and first amended complaints, however.[2] Plaintiff said that he was returned to MCCC to participate in a community status work furlough program that is necessary for parole. *See* First Amended Complaint ("FAC"), ECF #10 at 6. He was charged for speaking with a female inmate, Ashley Akana, on December 6, 2011, the day *after* he was transferred to MCCC's general population. *See* Compl., ECF #1 at 10; Second Amended Complaint ("SAC") at 6. Plaintiff was sanctioned until December 31, 2011. That same day, Plaintiff and Akana's husband, inmate Noah Borgman, got into an altercation in Module A, which is a general population area. In the original Complaint and FAC, Plaintiff claimed that Defendants housed Borgman in Module A to provoke a confrontation between them, and that Borgman was at fault. Plaintiff was found guilty of fighting, removed from the work furlough program, and ultimately transferred back to Arizona. Plaintiff also withheld these details in his second amended complaint ("SAC").

---

[2] Although an amended complaint generally supersedes an earlier complaint, *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), the court does not operate in a vacuum and is aware of the background for Plaintiff's claims.

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A. Failure to Protect**

Prison officials are required to take reasonable measures to guarantee the safety of inmates and they have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were "deliberately indifferent" to his safety. *Farmer*, 511 U.S. at 834; *Frost*, 152 F.3d at 1128; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). That is, he must set forth facts supporting an inference that a defendant knew of, but disregarded, an excessive risk to an inmate's safety. *Farmer*, 511 U.S. at 837. "[T]he official must both be

6

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442.

        Plaintiff's allegations are, again, completely conclusory.  Plaintiff says that Hirano and Taylor knew that he was a protective custody inmate, yet ignored Department of Public Safety ("DPS") policies and procedures when they decided to house him in the general population module on December 5, 2011. Plaintiff does not identify the DPS policies or procedures that precluded this decision, or allege that Hirano or Taylor transferred him to general population despite knowledge of a credible threat to his safety.  The fact that they transferred Plaintiff to general population from protective custody, *before* he was sanctioned for speaking with Akana and before Borgman allegedly assaulted him, does not suggest that they acted with deliberate indifference when he was changed from protective custody to general population.  Or that they transferred him despite that knowledge with deliberate indifference to his safety.

        Plaintiff also fails to provide facts showing that ACO Pinto acted with deliberate indifference to his safety. Plaintiff does not allege that Pinto knew of a threat to Plaintiff and "abandoned" his post with deliberate indifference

to Plaintiff's safety.  To the contrary, Plaintiff detailed earlier that ACO Pinto was in a "multi-purpose area" near the recreation area where the attack allegedly happened.  *See* FAC, ECF #10 PageID #141.  Plaintiff says that he backed into the multi-purpose area with his hands raised, demonstrating to Pinto "a non-confrontational nor aggressive posture," causing Pinto to run past him to "'take down' the aggressor, inmate Noah Borgman." *Id.*  These details do not give rise to an inference that Pinto acted with deliberate indifference to Plaintiff's safety, or even that he actually abandoned his post.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and this is all the SAC provides.  *See Iqbal*, 556 U.S. at 678.  Accepting these claims as true, they nonetheless fail to state a claim that Hirano, Taylor, or Pinto failed to protect Plaintiff from harm.  Plaintiff fails to allege facts to support that Hirano or Taylor knew of a threat to his safety on December 5, 2011 when they rehoused him, including when and by whom the threat was issued or how and when they learned of the threat.  In addition, Plaintiff fails to allege facts to support that Taylor, Hirano, or Pinto acted with deliberate indifference to a risk to Plaintiff's safety, i.e., how each "deliberately" put him in harm's way.  For these reasons, Plaintiff fails to state a claim for failure to protect or threats to his safety.

8

As this court stated earlier, a reasonable inference to be drawn from Defendants' decision to transfer Plaintiff to MCCC as a community custody inmate, and after a transitional period, to house him with the general population, is that Plaintiff's behavior supported such a decision.  Transferring Plaintiff to general population was likely done to foster Plaintiff's participation in the work furlough program and prepare him for early release.  Similarly, the decision to allow Plaintiff to remain in general custody after his sanction for speaking to Akana appears  reasonable and done to further Plaintiff's participation in work furlough and early release.  Plaintiff fails to provide any facts suggesting otherwise, nor does he even appear to challenge the decision allowing him to remain in general population after his sanction.  Plaintiff fails to state a claim against Hirano, Taylor, or Pinto, and claims against them are DISMISSED.

**C.   Supervisory Liability: Warden Hirano**

Plaintiff again seeks to hold Warden Hirano vicariously liable for his claims.  This court has previously informed Plaintiff three times that supervisors are not subject to vicarious liability under a theory of *respondeat superior* in § 1983 cases, but are liable only for their own conduct.  *See OSU Student Alliance v. Ray*, 2012 WL 5200341 *__ (9th Cir. Oct. 23, 2012) (citing *Iqbal*, 556 U.S. at 677); *Jeffers v. Gomez*, 267 F.3d

895, 915 (9th Cir. 2001). Thus, Hirano cannot be held liable solely based on his general responsibility for MCCC's "overall operation." TAC, ECF #27 PageID #249.

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)); *see also Iqbal*, 129 S. Ct. at 1948. The Supreme Court has rejected the notion that a supervisory defendant can be liable based solely on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. *See Iqbal*, 556 U.S. at 677.

"Iqbal emphasizes that a constitutional tort plaintiff must allege that every government defendant — supervisor or subordinate — acted with the state of mind required by the underlying constitutional provision." *OSU Student Alliance,* 2012 WL 5200341 *__ (citing *Iqbal,*556 U.S. at 677-78); *see also Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). A plaintiff must allege: (1) that the defendant's "own culpable

action or inaction in the training, supervision, or control of his subordinates" caused the constitutional injury; (2) that he acquiesce[d] in the constitutional deprivations of which [the] complaint is made;" or (3) that their conduct showed a "reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). "*Iqbal* emphasizes that a constitutional tort plaintiff must allege that every government defendant—supervisor or subordinate—acted with the state of mind required by the underlying constitutional provision." *OSU Student Alliance*, 2012 WL 5200341, *__ (citing *Iqbal* at 556 U.S. at 677-78). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Despite four attempts to do so, Plaintiff fails to provide any details showing that Hirano knew of a specific danger to Plaintiff and failed to act to prevent the alleged assault. That is, Plaintiff alleges nothing showing that Hirano acted with the state of mind required for an Eighth Amendment violation: deliberate indifference. Plaintiff again simply alleges that Hirano is "in charge of [MCCC's] overall operation." TAC, ECF #27 PageID #249. An individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d

11

1276, 1277 (8th Cir. 1987). Plaintiff fails to state a claim against Hirano and claims against him are DISMISSED with prejudice.

### IV. <u>LEAVE TO AMEND</u>

Plaintiff has filed four complaints and been granted at least one extension of time to may file a proposed amended complaint. Although he has still failed to state a claim the court will allow him one last opportunity to amend the pleadings. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. The proposed amended complaint must also be filed on the court's prisoner civil rights complaint form. *See* LR99.7.10(a). Local Rule Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### V. <u>28 U.S.C. § 1915(g)</u>

If Plaintiff fails to file a proposed amended complaint correcting the deficiencies identified in this Order, this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision,

a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Third Amended Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Because Plaintiff may be able to state sufficient facts to state a claim, this dismissal is with leave granted to amend **on or before December 3, 2012.**

(2) Claims against Defendant James Hirano are DISMISSED WITH PREJUDICE and may not be realleged.

(3) Plaintiff is NOTIFIED that failure to timely or adequately amend his claims **on or before December 3, 2012**, will result in dismissal of this action with prejudice, and that such dismissal may later be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(4) The Clerk of Court is directed to send Plaintiff a prisoner civil rights complaint form so that he may comply with the directions in this Order. Plaintiff is DIRECTED that his

proposed amended complaint will be stricken if he does not submit it on the court's form.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, November 6, 2012.



         /S/ Leslie E. Kobayashi
         Leslie E. Kobayashi
         United States District Judge

*Cornelio v. Hirano*, 1:12-cv-00072 LEK/RLP, Order Dismissing Third Amended Complaint With Leave to Amend; G:\docs\prose attys\Screening\DMP\2012\Cornelio 12cv72 lek (dsm tac w lv amd.).wpd