IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
WILLIAM A. CORNELIO, III,      )   CIV. NO. 12-00072 LEK/RLP
#A0192661,                     )
                               )
             Plaintiff,        )   ORDER GRANTING PLAINTIFF'S
                               )   MOTION TO AMEND
     vs.                       )
                               )
JAMES HIRANO, DEBORAH          )
TAYLOR, JOHN DOE,              )
                               )
             Defendants.       )
_____)
```

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**

This *pro se* prisoner civil rights action is proceeding on the Fourth Amended Complaint ("FAC"). *See* ECF No. 30. Defendants James Hirano, Deborah Taylor, and Leroy Pinto, employees of the Maui Community Correctional Center ("MCCC") moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), for Plaintiff's failure to state a claim. *See* ECF No. 38. In response, Plaintiff moves to amend the FAC pursuant to Fed. R. Civ. P. 15. ECF No. 45. The court withdrew Defendants' Motion to Dismiss without prejudice to its reinstatement if necessary after the Motion to Amend is decided. For the following reasons, Plaintiff's Motion to Amend is GRANTED, as limited below.

I.  BACKGROUND

When Plaintiff commenced this action on February 3, 2012, he alleged MCCC prison officials violated his right to due process during a prison disciplinary hearing in December 2011. See Compl., ECF No. 1. The court screened and dismissed the original Complaint on March 12, 2012, for failure to state a claim. See ECF No. 9. Plaintiff filed first, second, and third amended complaints thereafter. See First Amended Compl., ECF No. 10; Second Amended Compl., ECF No. 18; Third Amended Compl., ECF No. 27. The court screened and dismissed each of these complaints for failure to state a claim with leave granted to amend. See Orders, ECF Nos. 11, 21, 29.

**A.  The Fourth Amended Complaint**

Plaintiff filed the FAC on December 6, 2012, abandoning his due process claims and asserting instead that prison officials failed to protect him from assault. See FAC Count I, ECF No. 30. Plaintiff named MCCC Warden James Hirano,[1] MCCC Chief of Security Deborah Taylor, and Adult Correctional Officer ("ACO") John Doe,[2] in their individual capacities only, alleging

---

[1] Plaintiff's claims against Hirano alleging that he failed to protect Plaintiff from assault were dismissed with prejudice in the Order Dismissing Third Amended Complaint. ECF No. 29.

[2] Plaintiff identified John Doe as MCCC ACO Pinto in his earlier complaints and in his request for waiver of service of summons of the FAC. He fails to explain why he persists with this fiction of a Doe defendant when he is aware of John Doe's
(continued...)

they failed to protect him from assault at MCCC. *Id.* The FAC states simply:

> On August 4, 2011, Plaintiff was transferred from a protective custody facility (Red Rock Correctional Center) an exclusively protective custody facility, to the Maui Community Correctional Center where he was placed into the General population. The mixing of protective custody and General population inmates is forbidden in all 50 states including Hawaii. Plaintiff was placed into protective custody for assisting the State of Hawaii in a murder trial, a high profile and well known case, and after he was nearly killed himself. There is no excuse for the defendants actions of deliberate indifference. Plaintiff was assaulted.

*Id.*, PageID #273. The FAC asserts that Hirano is liable for Plaintiff's claims as the MCCC Warden, Taylor for violating unidentified "policy and procedures concerning the housing of protective custody inmates," and ACO John Doe because he "abandon[ed] his post." *Id.*, PageID #269-70. The court liberally construed the FAC in conjunction with the facts Plaintiff alleged in his previous complaints, determined it stated a claim, and ordered it served on Defendants. *See* Service Order, ECF No. 31.

On April 12, 2013, Defendants moved to dismiss, correctly asserting that the FAC superceded Plaintiff's previous complaints and fails to state a claim standing alone. *See* Def.'s

---

²(...continued)
identity.

Mot., ECF No. 38.  On May 18, 2013, Plaintiff moved to amend the FAC rather than respond to the Motion to Dismiss.  Pl.'s Mot., ECF No. 45.

**B.    The Fifth Amended Complaint**

The proposed Fifth Amended Complaint provides considerably more detail than the FAC.  *See* Fifth Amended Compl., ECF NO. 46.  In it, Plaintiff alleges: (1) he has been a protective custody inmate since 1995; (2) on August 4, 2011, he was transferred from Arizona to MCCC to participate in a work furlough program as a pre-condition for parole; (3) Hirano and Taylor were aware that Plaintiff was a protective custody inmate before and after his transfer to MCCC; (4) Plaintiff was housed in a "community" custody unit for the first five months at MCCC, with Hirano's and Taylor's knowledge and consent;[3] (5) Plaintiff did not sign a waiver agreeing to change from "protective" to "general" custody status; (6) on December 7, 2011, Plaintiff was rehoused "to the most dangerous part of the facility;"[4] (7)

---

[3] It is unclear whether Plaintiff was still classified and treated as a protective custody inmate while he was in this "community" custody unit.  Apparently, Plaintiff consented to this housing decision, however.

[4] Plaintiff earlier asserted that he was moved to general population and/or was charged with a rule violation on December 5, 2011, for unauthorized contact with inmate Ashley Akana. *Compare* Compl., ECF No. 1; Second Amended Compl., ECF No. 18; Third Amended Compl., ECF No. 27.  Plaintiff also stated he served fourteen days in *disciplinary segregation* between December 16-31, 2011.  *Id.*  Thus, Plaintiff's allegation that he was
(continued...)

4

Plaintiff immediately brought "this concern" to Hirano's attention, who assured Plaintiff he would be transferred back to "community" custody status on December 31, 2011; (8) Hirano, Taylor, ACO John Doe, and all MCCC staff knew that Plaintiff was sanctioned for unauthorized contact with inmate Ashley Akana; (9) Akana's husband, Noah Borgman, was housed in the same unit as Plaintiff on December 30, 2011; and (9) on December 31, 2011, Borgman attacked Plaintiff during their first recreation period together.  *See* Fifth Amended Compl., ECF No 46, PageID #345-47.

Plaintiff concludes that Hirano, Taylor, and ACO John Doe knew that Borgman posed a threat to him but nonetheless housed them together without taking steps to ensure Plaintiff's safety.  He alleges this violated his rights under the Eighth Amendment.

## II. LEGAL STANDARD

Rule 15 provides that a party may amend its pleadings once as a matter of course (1) within 21 days after its service, or (2) within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend its pleadings "by leave of court" and "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule should be

---

[4](...continued)
rehoused in the most "dangerous part of the facility" refers to his sanction to disciplinary segregation for a rule infraction.

applied with "extreme liberality" in favor of allowing amendments. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997) (citations omitted); *Forman v. Davis*, 371 U.S. 178, 812 (1962) (stating that leave to amend is to be "freely given when justice so requires").

The district court considers four factors to determine whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991); *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186; *see also Jones*, 127 F.3d at 847 n.8.

In the context of a prisoner's suit in federal court, proposed amendments to the complaint must also be viewed in light of the restrictions imposed by 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act (PLRA) in 1996. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Id.* at 983; *see also Cox v. Mayer*,

332 F.3d 422, 428 (6th Cir. 2003) (citing *Harris* for this proposition with favor).

A *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action, if the pleading can be cured by the allegation of other facts.  See *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  If amendment would be futile, however, leave to amend may be denied.  See *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).  The court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *United States ex rel. Cafasso v. Gen. Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff argues that, because he is proceeding *pro se*, his pleadings must be viewed leniently and that he should be allowed the opportunity to present sufficient facts to cure the deficiencies in the FAC.  Plaintiff also asserts that he may amend his pleadings as a matter of course within twenty-one days of service of a motion under Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff fails to address his lack of specificity in his five previous pleadings, or his previous inability to set forth his claims in a coherent manner in one pleading.  He argues instead that the court properly considered the FAC in conjunction with

his previous complaints when it found that he stated a claim. Plaintiff presumably submits the proposed Fifth Amended Complaint as a complete and final statement of his claims.

Defendants argue that Plaintiff filed five previous complaints that failed to state a claim, the FAC superceded Plaintiff's earlier pleadings, and the court explicitly notified Plaintiff that he would not be allowed to amend his pleadings again when it granted him leave to file the FAC.

**A.  Plaintiff May Not File The Fifth Amended Complaint Without Leave of Court**

Plaintiff suggests that he filed the Fifth Amended Complaint within twenty-one days of service of Defendants' Motion to Dismiss the FAC, and therefore, does not require leave of court to amend.  *See* Mem. in Support, ECF No. 45, PageID #331-32; Reply, ECF No. 52, PageID #357-58.  Plaintiff carefully does not assert or provide proof of the date he received Defendants' Motion, and when he sent his request to amend the pleadings.

Defendants filed the Motion to Dismiss and certificate of service on **April 12, 2013.**  Plaintiff signed the Fifth Amended Complaint on **May 4, 2013**, the Memorandum in Support on **May 10, 2013**, and failed to date the certificate of service.  *See* ECF Nos. 45-46.  These documents were mailed to the court in the same envelope, however, which shows that it was given to prison

authorities for mailing on **May 18, 2013**. *See* Mailing Documentation, ECF No. 45-2.

Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed on the date it is submitted to prison authorities to mail to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (reviewing a notice of appeal); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (considering postmark as evidence of date of mailing in applying prison mailbox rule). To be entitled to the mailbox rule presumption, a prisoner must use the prison's mail system. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Even allowing three days for mailing the Motion to Dismiss to Plaintiff, *see* Fed. R. Civ. P. 6(d), and accepting that Plaintiff gave the documents to prison authorities on the date he signed the Memorandum in Support (rather than on May 18, 2013, as reflected on the envelope), **twenty-five** days elapsed from the date the Motion to Dismiss was mailed to the date the Fifth Amended Complaint was ostensibly filed.

Plaintiff requires leave of court to amend his pleading. He must show that justice requires amendment, in light of considerations of delay, bad faith, futility, and prejudice to Defendants. *Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d at 1511.

**B.    The Fifth Amended Complaint States a Claim in Part**

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed factual allegations, however, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**1.    Claims Against Hirano and Taylor**

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were "deliberately

10

indifferent" to his safety.  *Farmer*, 511 U.S. at 834; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).  "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer*, 511 U.S. at 835.  That is, an inmate must set forth facts supporting an inference that a defendant knew of, but disregarded, an excessive risk to his safety.  *Id.* at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Plaintiff's claims against Hirano and Taylor allege sufficient facts to plausibly suggest that they were aware of a significant risk to his safety from Akana's husband, had the authority to affect his housing, and nonetheless housed Borgman and Plaintiff together.  Plaintiff claims that all MCCC staff were aware of the reason for his disciplinary sanction: Plaintiff's unauthorized contact with Borgman's wife.  Plaintiff also says that Hirano and Taylor were aware of his concerns at being housed in the general population, although those fears appear to have been related to his alleged need for protective custody as a "snitch," rather than a threat from Borgman.  It can plausibly be inferred that Hirano and Taylor knew of, but

disregarded, an excessive risk to Plaintiff's safety when they housed Borgman in the same module as Plaintiff.  Plaintiff states a claim against Hirano and Taylor.

### 2.  *Claims Against John Doe*

Plaintiff's claims against ACO John Doe do not pass screening.  Plaintiff fails to explain who John Doe is, other than a guard, or detail John Doe's participation in Plaintiff's allegations.  Plaintiff does not clearly explain John Doe's position at MCCC, his authority to order or prevent Plaintiff's housing in general population, or detail his actions in relation to Borgman's attack.  He simply says John Doe "abandon[ed] his post."  Fifth Amended Compl., ECF No. 46, PageID #341.  In short, Plaintiff provides no details identifying John Doe or his link to Plaintiff's claims in any manner, despite having had six chances (and four years since the attack) to do so.  Plaintiff fails to submit facts showing that John Doe acted with deliberate indifference to his safety and therefore fails to state a claim against John Doe.

### C.  **The Fifth Amended Complaint May Proceed**

The court finds that justice requires that Plaintiff, a *pro se* prisoner, be allowed to amend his pleadings with the proposed Fifth Amended Complaint.  If there has been delay in filing this amended pleading, that delay is due to the court

determining that the FAC stated a claim. At that point, Plaintiff had no reason to believe that further amendment was necessary. Although Plaintiff's inconsistent statements and steadily evolving claims can be viewed as bad faith, they can also be seen as Plaintiff's inartful responses to the court's explanations why his earlier pleadings failed to state a claim but were amendable. Because the Fifth Amended Complaint states a claim in part, amendment is clearly not futile. There is little discernible prejudice to Defendants, who have only recently been served. Finally, in light of Plaintiff's *pro se* status, justice requires the court to allow the Fifth Amended Complaint to stand against Defendants Hirano and Taylor. Plaintiff's claims against John Doe are DISMISSED and further leave to amend will not be granted.

## V. CONCLUSION

Plaintiff's Motion to Amend is GRANTED. The Clerk is DIRECTED to file the proposed Fifth Amended Complaint as the operative pleading in this action. Plaintiff's claims against John Doe are DISMISSED with prejudice. Further amendment will not be allowed absent extraordinary circumstances. Defendants Hirano and Taylor shall file an Answer or responsive motion to the Fifth Amended Complaint within the time allowed under Fed. R. Civ. P. 12(a)(4). The court shall enter a Rule 16 scheduling order immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2013.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Cornelio v. Hirano*, 1:12-cv-00072 LEK/RLP G:\docs\prose attys\Ords\DMP\2013\Cornelio 12cv72 lek (grt lv amd.wpd